— Plaintiff was awarded a fixed-price contract to construct two 180-man dormitories at Eglin Air Force Base, Florida. During performance a Government assistant area engineer ordered plaintiffs masonry subcontractor removed from the job. Plaintiff argued that the alleged removal constituted a constructive change order entitling it to an equitable adjustment for all additional costs incurred as a result of having to obtain a replacement subcontractor. Plaintiff based its legal claim on Liles Constr. Co. v. United States, 197 Ct.Cl. 164, 455 F.2d 527 (1972). The ASBCA denied plaintiffs claim for an equitable adjustment, finding that the assistant area engineer neither expressly nor impliedly ordered the subcontractor’s employees off the job site and not to return, and concluding that plaintiff had failed to establish the necessary factual predicate upon which it could claim relief under Liles, supra. In a recommended opinion (reported in full at 24 CCF para. 81,823), Trial Judge Joseph V. Colaianni concluded that plaintiff failed to meet its burden of showing that the Board’s finding is fraudulent, capricious, arbitrary, so grossly erroneous as to imply bad faith, or not supported by substantial evidence (41 U.S.C. § 321), and as a result the Board’s decision was final and conclusive. On November 11, 1977, by order, the court adopted the recommended decision as the basis for its judgment in this case, ordered that plaintiff is not entitled to recover, and dismissed the petition.